**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10302 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00233-TLN-1 |
| v. | |
| JOHN LAMONT WINN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted October 3, 2019**
San Francisco, California

Before: W. FLETCHER and PAEZ, Circuit Judges, and CHOE-GROVES,***
Judge.

A jury found John Winn guilty of passing counterfeit currency in violation

of 18 U.S.C. § 472. On appeal, Winn argues that the district court erred in finding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

1

that the evidence supported the decision to give a deliberate ignorance jury instruction. We review for abuse of discretion. United States v. Heredia, 483 F.3d 913, 922 (9th Cir. 2007) (en banc). We affirm.

When a defendant claims to lack actual knowledge about an illegal act, the court may give a deliberate ignorance instruction so long as the evidence shows the defendant took deliberate steps to avoid learning of a fact while being aware of a high probability that such fact exists. United States v. Yi, 704 F.3d 800, 804 (9th Cir. 2013). The instruction is appropriate where, viewing the evidence in the light most favorable to the prosecution, "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." Heredia, 483 F.3d at 922.

Here, the prosecution presented sufficient evidence to allow the jury to infer that Winn acted with deliberate ignorance. The evidence showed that bank employees told Winn that the bills may be fake, multiple banks and casinos refused to accept or exchange his bills, and Winn tried passing more fake bills less than 48 hours after he was arrested for counterfeiting. The jury rationally could have concluded that Winn lacked actual knowledge the bills were fake only because he deliberately avoided learning that fact despite notice of a high probability it was true. See United States v. Ramos-Atondo, 732 F.3d 1113, 1119 (9th Cir. 2013).

The district court did not abuse its discretion by giving the deliberate ignorance instruction.

**AFFIRMED.**